**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES COBURN,

      Petitioner - Appellant,

v.

BRUCE HOWARD, Warden,

      Respondent - Appellee.

No. 07-5127
(D.C. No. 05-CV-0647-CVE-FHM)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

Petitioner-Appellant Charles Coburn, appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal from the district court's denial of his habeas petition, 28 U.S.C. § 2254. Because Mr. Coburn has failed to make a "substantial showing of the denial of a constitutional right," see id. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000), we deny a COA and dismiss the appeal.

Mr. Coburn pleaded guilty to one count of obtaining money by false pretense after former conviction of two or more felonies. The state court sentenced him to six years imprisonment. Mr. Coburn applied for post-conviction relief alleging ineffective assistance of counsel and an excessive sentence, which

was denied by the state trial court and affirmed by the Oklahoma Court of Criminal Appeals (OCCA). R. Doc. 13, Ex. 2–3. Mr. Coburn then filed his federal petition raising the same two issues. R. Doc. 1 at 5–6. The district court determined that both issues had been exhausted, and denied the petition holding that the state courts' resolution of the ineffective assistance of counsel claim was not unreasonable, and that Mr. Coburn could not overcome the state procedural bar on his excessive sentence claim. Coburn v. Howard, No. 05-0647, 2007 WL 2111216, *4–*5 (N.D. Okla. July 19, 2007). Seeking a COA, Mr. Coburn raises three issues: (1) ineffective assistance of counsel; (2) due process violations; and (3) denial of a fair trial because no counsel was present. We only address the first issue, because the other issues were not raised in his petition. Tele-Communications, Inc. v. Comm'r, 104 F.3d 1229, 1233 (10th Cir. 1997).

A petitioner may obtain federal habeas relief only if the state court decision was contrary to or "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). State court factual findings are presumed correct; the presumption yields only based on clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

The district court determined that the OCCA's adjudication of the ineffective assistance claim was not contrary to or an unreasonable application of

Supreme Court precedent.  Coburn, 2007 WL 2111216, *4.  First, construing Mr. Coburn's argument as a factual argument, Mr. Coburn argues that he never met or communicated with his attorney, Richard Clark, and his attorney did not attend pre-trial hearings or sentencing.  The record shows that Mr. Clark attended sentencing, R. Doc. 13, Ex. 5 at 3, and that Mr. Coburn indicated on a form filed with the state court, "Findings of Fact - Acceptance of Plea," that he talked with his lawyer Richard Clark, R. Doc. 13, Ex. 6 at 2.  Mr. Coburn presents no evidence to the contrary.

Second, construing Mr. Coburn's argument as a legal argument, a petitioner must show that counsel's performance was deficient and that the petitioner was prejudiced as a result.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Applying these standards, the district court noted that Mr. Coburn does not allege any prejudice from the claimed deficient performance, only that being counseled by a legal intern was improper.  The district court concluded that this prejudice is insufficient to meet the second prong of the Strickland test and was not an unreasonable application of Supreme Court precedent by the OCCA.  Coburn, 2007 WL 2111216, *4.  We conclude that the district court's application of § 2254(d) to petitioner's constitutional claims was

not reasonably debatable among jurists.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

We DENY the motion for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge